IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE CADLE COMPANY, § | |
|     Appellant, § | |
| § | |
| v. § | **CIVIL CASE NO. H-07-0788** |
| § | Adversary No. 05-3409 |
| STEPHEN J. BLAKESLEY, *et al.*, § | |
|     Appellees/Debtors. § | |

## MEMORANDUM AND ORDER

Appellant The Cadle Company ("Cadle") appeals from the United States Bankruptcy Court's February 21, 2007 Memorandum Opinion and Final Judgment denying Appellant's challenge to Debtors' discharge. Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court **affirms** the Bankruptcy Court's decision.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

In 1999, Debtors' corporation, Nutrition 4 U, Inc., obtained a Small Business Administration loan through Compass Bank. Debtors personally guaranteed the note.

In December 2000, Mr. Blakesley started Global Management Systems, Inc. ("Global Management"), a business that provides consulting services regarding hiring and selection systems for small and medium-size companies.

In 2002, the note, then in default, was assigned to Cadle, who sued Debtors to collect the amount due under the note. Debtors subsequently filed a voluntary bankruptcy petition under Chapter 7, and Cadle filed this adversary proceeding. Pursuant to 11 U.S.C. §§ 727(a)(3) and (4), Cadle objected to the discharge of Debtors.

Following trial, the Bankruptcy Court issued a "Memorandum Opinion Regarding Complaint Objecting to Discharge" and a Final Judgment. Cadle filed a timely Notice of Appeal. The appeal has been fully briefed and is ripe for decision.

## II.  STANDARD OF REVIEW

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1).

The Court reviews a bankruptcy judge's conclusions of law *de novo* and findings of fact under the "clearly erroneous" standard. *Barron v. Countryman*, 432 F.3d 590, 594 (5th Cir. 2005).

A factual finding is clearly erroneous "only if on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed." *In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003) (internal quotations and citation omitted). Stated differently, a "factual finding is not clearly erroneous if it is plausible in the light of the record read as a whole." *In re Ramba, Inc.*, 416 F.3d 394, 402 (5th Cir. 2005). The reviewing court must give deference to the bankruptcy court's opportunity to evaluate the credibility of witnesses. *See Dennis*, 330 F.3d at 701. "As long as there

are two permissible views of the evidence," the Bankruptcy Court's "choice between competing views" is not clearly erroneous. *In re Acosta*, 406 F.3d 367, 373 (5th Cir. 2005) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)).

Mixed questions of law and fact are reviewed *de novo*. *In re Quinlivan*, 434 F.3d. 314, 318 (5th Cir. 2006); *In re Stonebridge Technologies, Inc.*, 430 F.3d 260, 265 (5th Cir. 2005).

## III. ANALYSIS

In this adversary proceeding, Cadle argued that Debtors should be denied discharge pursuant to 11 U.S.C. § 727(a)(3) because they failed to provide sufficient information to enable Cadle to determine Debtors' true financial condition. Cadle argued also that Debtors should be denied discharge pursuant to 11 U.S.C. § 727(a)(4) because they knowingly and fraudulently made a false oath. "[E]xceptions to discharge must be strictly construed against a creditor and liberally construed in favor of a debtor . . .." *Matter of Hudson*, 107 F.3d 355, 356 (5th Cir. 1997).

Following trial, the Bankruptcy Court rejected both of Cadle's arguments and granted Debtors' discharge. This Court affirms.

### A. Section 727(a)(3)

Title 11, United States Code, section 727(a)(3), provides that a debtor is entitled to a discharge unless he has failed to keep or preserve records from which his financial

condition "might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." 11 U.S.C. § 727(a)(3). Cadle bears the burden to prove both that Debtors failed to keep and preserve their financial records and that this failure prevented Cadle from determining Debtors' true financial condition. *See Dennis*, 330 F.3d at 703. "A debtor's financial records need not contain full detail, but there should be written evidence of the debtor's financial condition." *Id.* (internal quotations and citation omitted). The bankruptcy court has wide discretion in this area, and its determination is a finding of fact reviewed for clear error. *See id.*

At trial, Mr. Blakesley was unable to explain a $1,808.54 bank account discrepancy between one month's ending balance and the beginning balance for the following month. Mr. Blakesley was also unsure about a $3,000.00 cash withdrawal from Global Management's bank account in October 2004, but testified that he believed the withdrawal was for a business convention he was attending on Global Management's behalf.

The Bankruptcy Court found that these deficiencies did not rise to the level of a failure to maintain adequate records such that Cadle could not determine Debtors' financial condition. The Bankruptcy Court's finding is supported by substantial evidence in the record, particularly evidence that Debtors provided Cadle with personal and corporate income tax returns, Global Management's accounting ledger, personal

bank account information, credit card statements, life insurance policy information, and other financial information and records.

Debtors provided extensive financial records to Cadle, and Cadle failed to identify which records it believed Debtors should have, but did not, produce. The Court affirms the Bankruptcy Court's decision that Cadle failed to carry its burden of proof in connection with its challenge to discharge under § 727(a)(3).

**B.    Section 727(a)(4)**

Title 11, United States Code, section 727(a)(4) provides that a debtor is entitled to a discharge in bankruptcy unless he "knowingly and fraudulently . . . made a false oath or account . . . ." 11 U.S.C. § 727(a)(4). "To establish a false oath under this section, the creditor must show that (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case." *In re Pratt*, 411 F.3d 461, 566 (5th Cir. 2005) (internal quotations, brackets, and citation omitted); *In re Sholdra*, 249 F.3d 380, 382 (5th Cir. 2001).

Cadle presented evidence that Debtors significantly undervalued their artwork, and Debtors presented evidence that the artwork – which they had attempted unsuccessfully to sell at any price – was accurately valued. Cadle presented evidence that Debtors failed to list a diamond tennis bracelet in their original schedules, but

added the bracelet in their amended Schedule B. Debtors presented evidence that Mr. Blakesley gave Mrs. Blakesley the tennis bracelet five or ten years prior to the bankruptcy filing and that Mrs. Blakesley kept it mixed in with costume jewelry. Cadle presented evidence that Debtors' club dues and car payments were paid by Global Management, but Debtors explained that the clubs and cars were used primarily, if not exclusively, for company business. Cadle presented evidence that Global Management receives significantly more that the $3,750.00 in monthly income claimed by Debtors as their personal monthly income, and argued that all Global Management's income should be attributed to Debtors. Debtors presented evidence that they do not receive Global Management's income except for the amounts they draw from the company as reflected on the company's accounting ledger.

Cadle and Debtors each presented evidence regarding the accuracy of Debtors' statements during the bankruptcy proceeding and whether any inaccuracies were the result of fraudulent intent. The Bankruptcy Court credited Mr. Blakesley's testimony and resolved the factual dispute in Debtors' favor. The Bankruptcy Court's decision is supported by substantial evidence in the record and is affirmed.

## IV. <u>CONCLUSION AND ORDER</u>

The Bankruptcy Court's legal conclusions are based on an accurate understanding of the governing legal principles. The Bankruptcy Court's factual findings are supported by substantial evidence in the record and are based on credibility determinations that are entitled to significant deference. Accordingly, it is hereby

**ORDERED** that the Bankruptcy Court's February 21, 2007, Memorandum Opinion and Final Judgment are **AFFIRMED**. The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **31st** day of **May, 2007.**

Nancy F. Atlas
United States District Judge